60 F.3d 821
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Robert V. GADSON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security;
Washington DC Chief Administrative Law Judge Supervisor;
Administrative Law Judge, Sudbury, Pennsylvania; Social
Security Office Manager, Sudbury, Pennsylvania; Social
Security Council Committee, Sudbury, Pennsylvania; Mr.
Benjamin; United States of America; General Counsel, U.S.
Department of Health and Human Services; United States
Attorney, Defendants-Appellees.
 No. 94-2306.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 28, 1995.
Decided June 30, 1995.
 
 Robert V. Gadson, Appellant Pro Se.
 Before HALL, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In this appeal, the district court treated a pleading designated by Appellant as a Fed.R.Civ.P. 60(b) motion as a notice of appeal. Because we find that the motion is one under Fed.R.Civ.P. 60(b), not a notice of appeal, we dismiss the appeal for lack of jurisdiction and remand to the district court.
 
 
 2
 Robert Vincent Gadson, a federal prisoner in Missouri, filed a complaint in the Eastern District of Virginia against the Secretary of the United States Department of Health and Human Services ("Secretary") and various Social Security Administration ("SSA") officials in Sudbury, Pennsylvania. Gadson alleged that the Sudbury office of the SSA was grossly negligent in denying him disability benefits. Gadson's complaint was accompanied by an application to proceed in forma pauperis.
 
 
 3
 The district court denied Gadson's application and dismissed his complaint pursuant to 42 U.S.C. Sec. 1915(d) (1988). Although convinced that Gadson was indigent, the court found that Gadson's complaint was meritless. The court noted that under 42 U.S.C.A. Sec. 405(g) (West Supp.1994), Gadson could challenge the Secretary's decision only in the district in which he resided. At the time, Gadson lived in Missouri, and has since been transferred to a prison in Atlanta, Georgia. The court also found that Gadson had failed to allege or show that he had exhausted his administrative remedies, or that his appeal from the agency decision was timely.
 
 
 4
 Gadson then filed a document with the district court, styled "Motion Before Court Rule # 60-B-(6) F.R. Civil P, Law Relief from Court Order Judgment [sic]." Gadson wrote that "the reason my appeal was late is because my papers got lost in the U.S. mail." However, his motion stated that "[i]t is un-necessary[sic] for me to go up the 4th [sic] Circuit Court of Appeals." (R. 4). He asserted that the district court retained jurisdiction over his case under 28 U.S.C. Sec. 1331 (1988). He asked the district court to "place a[s]ummons on my U.S. Court papers and serve the Complaint and order the Assistant U.S. Attorney to reply." The district court construed Gadson's motion as a notice of appeal.
 
 
 5
 Under Fed. R.App. P.3(c), a notice of appeal "must designate the judgment, order, or part thereof appealed from, and must name the court to which the appeal is taken." Technical precision is not required in a notice of appeal, provided the filing functions to notify the court and the opposing party of an intent to appeal a judgment.[1] Smith v. Barry, 502 U.S. 244, 248 (1992). Moreover, the failure to designate the judgment or part thereof will not result in a loss of appeal if "the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced by the mistake." Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1481 (9th Cir.1986), aff'd, 488 U.S. 347 (1989).
 
 
 6
 We find that Gadson's motion fails to satisfy the requirements of Rule 3(c), because it does not disclose an intent to appeal the district court's dismissal order to this Court. Gadson's motion does not identify the order appealed from, and does not name this Court as the court to which his appeal is taken. In fact, Gadson states in the motion that "[i]t is un-necessary for me to go up to the 4th Circuit Court of Appeals." Moreover the document is styled a Fed. R. 60(b) motion for reconsideration, invokes the jurisdiction of the district court, and requests that the district court take action.
 
 
 7
 The only language in Gadson's motion that remotely expresses an intent to appeal is his statement that his "appeal was late ... because [his] papers got lost in the U.S. mail." It appears from the record that Gadson referred to the district court's statement that he failed to establish that his appeal to that court from the agency decision was timely. We note that if Gadson's motion were construed as a notice of appeal to this Court, it would clearly be timely.
 
 
 8
 Because we find Gadson's motion is not a notice of appeal under Fed. R.App. P.3(c), this Court lacks jurisdiction. We therefore dismiss the appeal and remand to the district court for that court to consider Gadson's pleading as a Fed.R.Civ.P. 60(b) motion.[2]
 
 DISMISSED AND REMANDED
 
 
 [1]
 An informal brief which satisfies the requirements of Fed. R.App. P. 3(c) may also serve as a notice of appeal. Smith v. Barry, 502 U.S. at 249. Gadson has not filed an informal brief in this Court
 
 
 [2]
 We deny Gadson leave to proceed in forma pauperis in this Court